**SO ORDERED.**

**SIGNED this 21st day of May, 2008.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| SALVADOR SANTANA & SILVIA SANTANA | 07-30027-LMC |
| *DEBTORS* | CHAPTER 13 |

### MEMORANDUM DECISION AND ORDER REGARDING OBJECTION TO NOTICE OF TRANSFER/ASSIGNMENT OF CLAIM

CAME ON for consideration the foregoing matter. On February 26, 2008, PRA Receivables Management, LLC, as agent of Portfolio Recovery Associates, LLC, filed a Notice of Transfer of Claim with respect to a claim transferred by Capital One Bank in the amount of $604.19. On May 2, 2008, the debtors filed an objection to the transfer, complaining that "a third party purchasing the instrument at a very reduced cost and having [the] Bankruptcy Court enforce payment is not in the best interest of the debtor."

The objection is not well taken. The holder of a claim is permitted to sell the claim for less than the face amount of the claim, and the transferee is then entitled to enforce the claim for its face

value, even though the transferee bought the claim at a discount. In other words, the debtor is not entitled to the benefit of the discount. This is so because the discount represents the transferee's assumption of risk of payment at less than the face amount of the debt. The transferor "cashed out" its risk of nonpayment by agreeing to accept less than face value from the transferee, but again the debtors are not entitled to the benefit of that *de facto* writedown. Insofar as the debtor is concerned the original debt is still owed to whomever is the current rightful owner of the obligation. The transferee "bought" the obligation, and is now the rightful owner entitled to enforce the debt at its face value. Because this is a chapter 13 case, it is almost certain that the debt will *not* be paid at its face value. In fact, the plan, though it proposes to pay the claim at 100%, it will do so without interest over a five year period, so that the net present value of payment will be less than 100%. In addition, there is always the risk that the debtors might default in plan payments, or that the case will be dismissed or converted, further reducing the likelihood of payment of the claim, and hence the true value of the obligation. Thus, the transferee has factored in these risks when it set the price to be paid for the claim that it purchased. To realize the benefit of its bargain, however, it needs to be able to enforce the full amount of the claim purchased. And the law so allows.

      The debtors of course have a right to object to any claim that they fee is not rightfully owed, but not on grounds that they are entitled to any discounted value that a transferee might have paid in acquiring the claim. Too, the debtors have the right to challenge whether the current transferee is the rightful owner of the claim it says it purchased, by demanding proof of transferee beyond the transferee's simple assertion that it is the current owner of the claim. But if the transferee satisfies that burden, then the debtors have to pay that transferee on this claim, per the terms of the Plan, through the Chapter 13 Plan distribution scheme.

The Notice of Transfer is filed in order to notify the previous holder of the claim, Capital One Bank, that this entity now claims to be the proper holder of the claim. If Capital One had in fact not transferred the claim, it would, by this notice, realize that someone else was attempting to collect on payments rightfully due Capital One, and could object. Similarly, if some other party *also* claimed to have purchased this claim from Capital One, then this notice would tell that other party of the inconsistency, so that they could object and rectify the situation. In all events, the Notice of Transfer tells the Chapter 13 Trustee to stop sending payments to Capital One and to start sending them to PRA Receivables Management, LLC.

The objection of the debtors, for the reasons stated here, is not well taken, and so is here denied, without prejudice to the debtors objecting to the proof of claim on its merits.

# # #